**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:**

MARITZA LAZO,

    Plaintiff,

vs.

SWISSPORT USA, INC.,

    Defendants.

_____/

**COMPLAINT**

The Plaintiff, MARITZA LAZO (hereafter "Plaintiff"), by and through the undersigned counsel, hereby brings suit against Defendant, SWISSPORT USA, INC. (hereafter "Defendant"), and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages exceeding $75,000 excluding attorneys' fees or costs for damages pursuant to the American with Disabilities Act and the ADEA to readdress injuries resulting from Defendant's disability and Age based discriminatory treatment of and retaliation against Plaintiff.

2. Plaintiff was an employee of Defendant.

3. Defendant was a "person" and/or an "employer" pursuant to the ADA and ADEA, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the ADA and ADEA.

4. At all times material hereto , Plaintiff was an "employee" within the meaning the ADA and ADEA

5. Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County.

6. Plaintiff is and continues to be, a resident of Miami Dade County, Florida.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff is a disabled female within a class of individuals protected by the ADA and Plaintiff's disability was known to all those who discriminated against her.

10. Plaintiff started working at the company on June 1, 2005, as a ramp agent.

11. For many years, Plaintiff has been subjected to a hostile work environment by her immediate supervisor, Antonio Manrique.

12. A situation that had gotten worse in the 300 days preceding the filing of Plaintiff's charge of discrimination including when Plaintiff had an accident at work on one of the ramps, where she fell and injured her back.

13. In addition, Plaintiff is suffering from other medical conditions as she also suffers from hypertension and diabetes causing the back injury to flare up more frequently.

14. Plaintiff is 66 years old.

15. Due to the accident and chronic back pain, Plaintiff asked her supervisor for a lighter workload, but his response was negative.

16. Mr. Manrique refused to grant her any accommodation or to engage in the interactive process any accommodation.

17. On the contrary, in retaliation of the request Mr. Manrique overworked Plaintiff as he made her drive, move, and push containers also he assigned her to do jobs that generally had to be done by two people.

18. If Plaintiff told him something or complained and requested a short break he retaliated against her by giving her tougher work to do.

19. For example, on November 18, 2021, he had Plaintiff remove chocks from the airplanes.

20. The airplane wheel chocks are very heavy and are not normally the task that I would be normally assigned to do.

21. On the following Monday, November 22, 2021, Plaintiff was collecting signatures from those who managed the equipment, which was her assigned task, when Mr. Manrique arrived and asked Plaintiff to give the task to a man, and he transferred her to do a heavier labor-intensive job.

22. At that time, Plaintiff told him that she had a severe back crisis and could not do that specific task and asked him to allow her to continue doing her previous task, he said no.

23. On November 24, 2021, Plaintiff had an appointment with her doctor, and he sent her home to rest until December 15, 2021.

24. This doctor recommended rest period was indicated to Defendant and they were made aware of this request.

25. Plaintiff was also treated the way she was due to the fact that she was above the age of forty and Mr. Manriquez wanted a person who was younger than forty with less wear and tear on their body to perform Plaintiff's job

26. When Plaintiff returned, she was informed by Edwin (another her manager) that she was being removed from the ramp.

27. Plaintiff was told she would be given new instructions but they never came and as such Plaintiff was discharged.

28. Mr. Manrique retaliated against Plaintiff based on her request to be accommodated and due to her age and medical issues.

29. Plaintiff immediately contacted Swissport North America to let them know of her situation.

30. They told her that they agreed to the actions of Mr. Manriques.

31. All administrative prerequisites have been completed as a right to sue letter was issued by the EEOC on December 29, 2022

## COUNT I
*Disability Discrimination in Violation of the ADA*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this Complaint as if set out in full herein.

33. Plaintiff is a member of a protected class under the ADA.

34. By Defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

35. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

36. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

37. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

38. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

39. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

40. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

41. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

42. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

E. Defendant, or in lieu of reinstatement, award front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### *Failure to Accommodate in Violation of the ADA.*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

43. Plaintiff is a member of a protected class under the ADA.

44. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

45. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

46. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

48. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

49. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

50. The conduct of Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

51. The actions of the Defendants and/or their agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *RETALIATION IN VIOLATION OF ADA*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this Complaint as if set out in full herein.

54. Defendant is an employer as that term is used under the applicable statutes referenced above.

55. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the ADA.

56. The foregoing unlawful actions by Defendant were purposeful.

57. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

58. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

59. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

60. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

 F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

For a money judgment representing prejudgment interest;

## COUNT IV
### Age Discrimination in Violation of the ADEA

61. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-31 above as is set out in full herein.

62. Plaintiff is in the protected age category under the ADEA.

63. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

64. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

65. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

66. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

67. Defendant retained the new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

68. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

69. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

70. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

71. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

72. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

73. Defendant is a covered employer to which the ADEA applies.

74. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated:   2/17/23                                   Respectfully submitted,

/s/    Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000